Law Library

IN THE SUPERIOR COURT
OF GUAM

M ELECTRIC CORP.,

               Plaintiff,

vs.

PHIL-GETS (GUAM) INTERNATIONAL
TRADING CORP. DBA J&B MODERN
TECH, AND CHUNG KUO INSURANCE
COMPANY, LTD.,

               Defendants.

Civil Case no. CV1423-10

**DECISION AND ORDER**
re: Motion for Summary Judgment

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo under application of Rule 7.1(e)(6)(C) of the Local Rules of the Superior Court of Guam and Plaintiff's request to amend its compliant. Plaintiff is represented by attorney Thomas McKee Tarpley Jr. Defendants are represented by attorney Seth Forman. After considering the matters presented, the Court issues the following decision and order denying Plaintiff's request to amend complaint.

## BACKGROUND

The instant matter arises out of an August 19, 2010 pleading entitled, Complaint for Declaratory Relief and Money Owed on Construction Project. Plaintiff's pleading was divided into three sections entitled: Claims for Declaratory Relief, Claims for Money Owed, and Claim on Payment Bond. Compl. at 2-4. In its pleading Plaintiff, as a subcontractor to Defendants, alleges that it is entitled to relief outlined in and from a contract with Defendant for its assistance with the installation of underground electrical lines as well as its rights to the parties' payment bond.

On March 1, 2013, Plaintiff filed a paper entitled, Memorandum in Support of

Plaintiff's Amended Complaint. In its paper Plaintiff requests that it be allowed to amend paragraphs 9, 10, and 11 of its Claims for Money Owed section of its August 2010 Complaint, to include a $213,314.23 claim for overtimes costs and to clarify that it is additionally entitled to reimbursement of GRT as part of its markup costs. In support of this request Plaintiff asserts that these were left out of the original complaint through oversight. It further asserts that Defendants were aware of the additional claim because they authored the demand for overtime during performance of the contract and its details were provided through a March 2, 2011 response to a request for production of documents.

Defendants oppose Plaintiff's request and on March 29, 2013, they filed a paper entitled Opposition to Motion to Amend Complaint. In their paper Defendants argue and assert that allowing amendment:

1) Will at this late date unduly prejudice their ability to effectively investigate and verify the veracity of Plaintiff's claim of overtime;
2) Would be futile because it would amount to double recovery and should be time barred; and
3) Would not otherwise be allowed under the provisions of Rule 54(c).

Defendants also argue that absent further factual assertions by plaintiff that the amendment be found to have been brought in bad faith.

On April 12, 2013, Plaintiff filed its reply. In it Plaintiff argues that the issue of overtime should be allowed because it was ordered by Defendants not the Guam Power Authority, that it would a survive a motion for summary judgment challenge, it is not time-barred, and it would not be considered double recovery or otherwise futile as provided by Guam law.

## DISCUSSION

The Court's ability to allow a party to amend their pleadings is regulated by Rule 15 of the Guam Rules of Civil Procedure. Guam R. Civ. P. 15. Subpart (a) of this rule provides, ". . .

a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In 2005 this subpart of Rule 15 was interpreted and analyzed by the Guam Supreme Court. *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶¶ 15-19. The *Arashi* Court directed that prior to ruling on a motion to amend a court must,

> review whether certain factors are present which may mitigate against leave to amend. The factors . . . to be considered are: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.

*Id.* at 16 (citations omitted).

In this case Plaintiff asserts that the reason for its not including the amendments occurred though oversight. The facts and reasons behind its oversight are not asserted or discussed in either its moving or reply papers. Plaintiff fails to cite explain any supporting or persuasive precedent where an amendment was allowed under similar circumstances. For this Court to grant relief requested by motion it is the duty of the moving party to identify the standard and rule allowing for its request and assert and apply specific facts which meet that standard. *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35. Absent this the Court is left, "to discover and rationalize the basis for [a movant's] claims, or unravel and elaborate for [movant] its arguments." *Lamb*, 2008 Guam 2, ¶¶ 34-36 (parentheticals added). Placing such a burden upon the Court undermines the ideals of due process and fairness.

Defendants assert that allowing Plaintiff to amend its complaint several years after its filing will unduly prejudice its ability to investigate and verify overtime allegations. They also argue that Plaintiff's failure to assert or explain its oversight is persuasive evidence of the inferred finding of a bad faith motive or dilatory tactic. The Court agrees. Additionally, in the alternative, the Court finds that allowing the Plaintiff to amend its complaint would unduly

prejudice the Defendants.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to amend its complaint is denied.

SO ORDERED    8/21/13

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

AUG 2 1 2013